There were various exceptions to the admission and rejection of evidence. The jury rendered a verdict that the plaintiff was owner of the land excepting twenty-nine acres. The answer of the issue as to the title of two-fifteenths of the twenty-nine acres having been, by consent, reserved as a question of law to be decided by the court, his Honor gave judgment that the plaintiff was entitled to recover possession thereof, but declined to give judgment for damages for its occupation, and told the plaintiff that he would give him a new trial upon all the issues if desired. This the plaintiff declined to ask, but requested the court to make an order by which, if the defendant should file a petition (14) for betterments under the statute, the question of damages could be passed on. Thereupon his Honor made the following order: "In this cause the jury having failed to answer the question of damages for the occupation of two-fifteenths part of the land under fence, twenty-nine acres, it is ordered, adjudged and decided that the said matter is left open to be hereafter decided, if any petition for betterments on said land shall be filed." Judgment for costs was rendered against the defendant, who excepted thereto, as well as to the order above recited, and appealed.
The exceptions to the evidence were waived in this Court and the argument was made mainly on the division of the costs. Each party claimed title to, and the plaintiff recovered a part of, the land. The jury failed to answer the issue as to the damages on a part of the land, which was left over by the court to be decided hereafter. In this fragmentary condition we are not disposed to disturb the judgment on the question of costs.
Judgment affirmed.
Cited: Rogerson v. Lumber Co., 136 N.C. 270; Shields v. Freeman,158 N.C. 127. *Page 11 
(15)